QUESTION: May a candidate for the office of mayor-commissioner of the City of Winter Garden be elected by a plurality of the votes cast for that seat at the regular or general election or must a special election be held if no candidate for that seat receives a clear majority of such votes?
SUMMARY: A candidate for the office of mayor-commissioner of the City of Winter Garden must, under s. 70 of the city charter, receive a clear majority of the votes cast for that office in order to be elected at the regular or general election. If no candidate receives a majority of such votes at the regular or general election, a special election should be called at the earliest practicable date. Section 70 of the Charter of the City of Winter Garden provides: A regular or general election of candidates or nominees to the office of city commissioner shall be held each year on the Tuesday next succeeding the first Monday in November. The candidate or nominee receiving the clear majority of votes for each seat at such general election shall be declared elected. In the event of a tie between two (2) candidates for any seat upon the city commission in the general election another election shall be held on the Tuesday following the general election, and the two (2) candidates receiving the equal votes shall be the only candidates on the ballot for such general election. (Emphasis supplied.) It is clear from the foregoing that, in order to be elected, a candidate for "the office of city commissioner" must receive a clear majority of the votes cast for the seat for which he is running. Section 11(1) of the Charter of the City of Winter Garden provides: (1) A city commission is hereby created to consist of a mayor-commissioner and four (4) commissioners who shall be qualified as hereinafter prescribed . . . . and s. 9 of the city charter provides that the five members of the city commission "shall be elected . . . in the manner hereinafter provided." Inasmuch as it is clear from the foregoing that the mayor-commissioner is one of the five members of the city commission and in view of the fact that there is no provision in the city charter for a regular or general election to fill the specific office of mayor-commissioner, I have no doubt that the provisions of s. 70 of the city charter are applicable to candidates for the office of mayor-commissioner as well as to candidates for the other seats on the commission. This being the case, there is a failure to elect in the event that no candidate for the office of mayor-commissioner receives a clear majority of the votes cast for that office at the regular or general election. Although the Charter of the City of Winter Garden specifically requires a "clear majority" to elect, it makes no specific provision for the procedure to be followed in the event of a failure to elect, except in the event of a tie vote. However, s. 71 of the city charter provides: Special municipal elections for any purpose shall be held in the same manner as a regular annual election except the city commission, by resolution, shall fix the time of holding such special election, the officer or officers to be balloted upon or the question to be balloted upon. Pursuant to the provision of s. 71, supra, a special election should be called at the earliest practicable date in the event that no candidate for the office of mayor-commissioner receives a clear majority of the votes cast for that office at the regular or general election. It would also appear to be desirable to amend the city charter in order to make specific provision for the occurrence of the event which prompted your request for this opinion.